IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRIGORIY POLYAKOV,** | : |
| Petitioner | : CIVIL NO. 1:CV-09-00019 |
| v. | : (Judge Rambo) |
| **MICHAEL B. MUKASEY,** | : |
| Respondent | : |

## **M E M O R A N D U M**

Petitioner Grigoriy Polyakov ("Polyakov"), currently detained by the Bureau of Prisons ("BOP") at the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania ("FCI-Allenwood"), commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Polyakov is challenging his continued detention pending his removal proceedings.  For the reasons that follow, the petition will be dismissed.

**I.   Background**

On October 26, 1999, Polyakov, a native and citizen of Russia, entered the United States as a non-immigrant visitor for pleasure. (Doc. 11-2, Ex. 1, Notice to Appear.)  On September 2, 2004, Polyakov's status was adjusted to that of a lawful permanent resident.  (*Id*.)

On October 31, 2007, Polyakov was convicted in the United States District Court for the Eastern District of New York for Conspiracy to Commit Visa Fraud, in violation of 18 U.S.C. § 371. (*Id.*) He was sentenced to a term of imprisonment of fifteen (15) months. (*Id.*) Polyakov filed a direct appeal before the United States Court of Appeals for the Second Circuit, and the court affirmed the judgment by mandate issued on March 11, 2009.[1]

On January 23, 2008, a detainer was lodged against Polyakov for a deportation investigation. (Doc. 1 at 7-8.) Thereafter, on December 23, 2008, the United States Immigration and Customs Enforcement ("ICE") issued a "Notice to Appear" informing Polyakov that he was subject to removal under section 237(a)(1)(A) of the Immigration and Nationality Act ("INA"), as amended, because the visa fraud conviction demonstrated that he was inadmissible at the time of his status adjustment. (Doc. 11-2, Ex. 1, Notice to Appear.) An initial hearing was scheduled for Polyakov on February 11, 2009, but after Polyakov's counsel requested a continuance, the case was rescheduled for February 19, 2009. (Doc. 11-2, Ex. 3, Notice of Hearing.)

---

[1] The electronic criminal docket for Polyakov's case in the United States District Court for the Eastern District of New York revealed this information. The Second Circuit's mandate was filed in that court on March 20, 2009. *See United States v. Shishkin, et al.*, No. 1:06-cr-00765-CBA-2 (E.D.N.Y. March 20, 2009, Doc. 138).

Polyakov filed the instant petition on January 7, 2009, seeking an order directing the Respondent to release him pending his removal proceedings.  (Doc. 1.)  In the response to the habeas petition, Respondent claims that Polyakov has failed to exhaust his administrative remedies.  (Doc. 11.)  The matter is ripe for disposition.

## II.    Discussion

It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *see also Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").  The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors.  *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

In the context of immigration proceedings, "it is well-settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies."  *Massieu v. Reno*, 91 F.3d 416, 421 (3d Cir. 1996) (quotations omitted);

*see also Duvall v. Elwood*, 336 F.3d 228, 232 (3d Cir. 2003).  Although exhaustion is excused in limited circumstances, there is nothing in the record to trigger an exception in the instant case.  *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (stating exhaustion is not required where the exhaustion of the administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury); *Massieu*, 91 F.3d at 422 (finding exhaustion of a claim is not required where the claim is considered "wholly collateral" to a statute's review provisions and outside the agency's expertise).

In the instant case, Polyakov is not challenging a final order of deportation.  Rather, his petition challenges his anticipated continued detention without a bail hearing.[2]  Until a final order is issued and Polyakov exhausts his administrative process available to him, the court is precluded from reviewing this habeas petition.

---

[2]  The court notes that the apprehension and detention of aliens, pending removal decisions, are governed by the provisions of section 236 of the INA, 8 U.S.C. § 1226.  Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States.  Although § 1226(a) permits discretionary release of aliens on bond, § 1226(c)(1) states that "The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title."  8 U.S.C. § 1226(c)(1).  Furthermore, the United States Supreme Court held in *Demore v. Kim*, 538 U.S. 510 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during removal proceedings does not violate the protections guaranteed under the Constitution.

Accordingly, the petition will be dismissed for failure to exhaust administrative remedies.

An appropriate order will issue.

                                                  s/Sylvia H. Rambo
                                                United States District Judge

Dated: April 23, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GRIGORIY POLYAKOV,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-09-00019**
:
**v.** : **(Judge Rambo)**
:
**MICHAEL B. MUKASEY,** :
:
    **Respondent** :

## O R D E R

**AND NOW**, this 23rd day of April, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

2) The Clerk of Court is directed to **CLOSE** this case.

                                              s/Sylvia H. Rambo
                                              United States District Judge